# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 18-362V
### Filed: June 6, 2019
UNPUBLISHED

|  |  |
|---|---|
| STEVEN FLETCHER, <br><br>                  Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>                  Respondent. | Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for petitioner.*
*Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On March 8, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of his November 3, 2016 influenza ("flu") vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 19, 2019, a ruling on entitlement was issued, finding petitioner entitled to compensation for SIRVA. On June 5, 2019, respondent filed a proffer on award of compensation ("Proffer") indicating "petitioner should be awarded $86,382.75.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

The award is comprised of the following: $75,000.00 for pain and suffering, $7,081.95 for past out-of-pocket medical expenses, and $4,300.80 for past lost wages." Proffer at 1.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $$86,382.75 (comprised of the following: $75,000.00 for pain and suffering, $7,081.95 for past out-of-pocket medical expenses, and $4,300.80 for past lost wages) in the form of a check payable to petitioner, Steven Fletcher.  This amount represents compensation for all damages that would be available under § 15(a).**

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____
                                                                )
STEVEN FLETCHER,                                  )
                                                                )
                    Petitioner,                          )
                                                                )        No. 18-362V
v.                                                             )        **Chief Special Master Dorsey**
                                                                )        **ECF**
SECRETARY OF HEALTH AND                       )
HUMAN SERVICES,                                    )
                                                                )
                    Respondent.                        )
_____)


**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

I.      **Items of Compensation**

On February 15, 2019, respondent conceded that entitlement to compensation was

appropriate under the terms of the Vaccine Act.  On February 19, 2019, Chief Special Master

Dorsey issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine

compensation for his Shoulder Injury Related to Vaccine Administration ("SIRVA").  Based

upon the evidence of record, respondent proffers that petitioner should be awarded $86,382.75.

The award is comprised of the following:  $75,000.00 for pain and suffering, $7,081.95 for past

out-of-pocket medical expenses, and $4,300.80 for past lost wages.  This amount represents all

elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).

Petitioner agrees.

II.      **Form of the Award**

The parties recommend that compensation provided to petitioner should be made through

a lump sum payment of **$86,382.75**, in the form of a check payable to petitioner.[1]  Petitioner

agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

*/s/Claudia B. Gangi*
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Direct dial: (202) 616-4138
Email: claudia.gangi@usdoj.gov

Dated:  June 5, 2019

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court
for appropriate relief.  In particular, respondent would oppose any award for future pain and
suffering.

2